STATE OF NORTH CAROLINA v. JOE JAMES BRAXTON.

(Filed 12 June 1968.)

**Constitutional Law § 31;   Criminal Law § 91—**

The denial of motion for continuance made by indigent defendant's attorney ten minutes after his appointment to represent the defendant is prejudicial error, there not being sufficient time for the attorney to procure witnesses or to prepare the case for trial by jury.

APPEAL by defendant from *Cowper, J.,* 23 October 1967 Regular Criminal Session of LENOIR Superior Court.

Defendant was charged with the felonies of forgery and uttering a forged instrument in a bill of indictment returned by the Grand Jury at the October 1967 Session of court.

From a verdict of guilty and judgment of imprisonment, defendant appealed.

*Attorney General T. W. Bruton and Deputy Attorney General James F. Bullock for the State.*

*C. E. Gerrans for defendant.*

MALLARD, C.J. Defendant's main assignment of error, upon which this case turns, is that the court committed error in the denial of defendant's request for a continuance after the appointment of counsel, to enable counsel to obtain witnesses.

On 31 October 1967 the defendant signed an affidavit in which he asserted that he was an indigent and requested the appointment of counsel. On the same date he was found by the court to be an indigent, and C. E. Gerrans, an attorney at law, was assigned to represent him.

In "approximately ten minutes" after the appointment of counsel, the defendant's case was called for trial. Before pleading to the charges contained in the bill of indictment, defendant's counsel made a motion to continue the case in order to obtain witnesses for the defendant. The motion was denied.

In ruling on the motion the court said, "In view of the fact that the case was called last week and the court gave the defendant time to get ready the court denies the request." The record does not reveal what else, if anything, occurred the week before. There is nothing in the record to indicate that defendant's counsel had knowledge of what had occurred the prior week, and if he had known about it, he was under no obligation to act in this case until he became attorney for the defendant.

We hold that ten minutes after his appointment was not sufficient time for the defendant's lawyer to procure witnesses or to prepare the case for trial by jury. The failure to continue the case under these circumstances was prejudicial error. *State v. Lane,* 258 N.C. 349, 128 S.E. 2d 389.

The defendant made other assignments of error. However, in view of what is said above, these need not be discussed, except we deem it proper to add that there was sufficient evidence in this case for it to be submitted to the jury.

For the reasons stated, it is ordered that there be a new trial.

New trial.

BRITT and MORRIS, JJ., concur.